# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2897 | **DATE** | 3/13/2000 |
| **CASE TITLE** | Linc vs. Ravdel | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court denies plaintiff's motion for summary judgment but precludes the defenses of breach of warranty and oral modification. The case remains set for a status hearing on 3/17/00 at 9:30 a.m. for the purpose of setting a trial date.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| ✓ | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 3-15-00 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | *Blw* | 22 |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LINC CAPITAL, INC., formerly )
known as Linc Scientific Leasing, )
                         )
         Plaintiff, )
                         )
     vs. )            Case No. 99 C 2897
                         )
ARNOLD RAVDEL, M.D. and )
YALE MRI, INC., )
                         )
         Defendants. )

DOCKETED
MAR 15 2000

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In August 1993 defendant Arnold Ravdel, M.D. signed an equipment lease with plaintiff

Linc Capital, Inc. which stated on its face that he was signing both as an individual and as

president of defendant Yale MRI, Inc. The lease was for magnetic resonance imaging (MRI)

equipment, made and sold by a company called Picker Vista, for use in Dr. Ravdel's business. In

the lease, Linc expressly disclaimed any and all warranties concerning the equipment, both

express or implied. Evidently the MRI equipment turned out not to work well, and at some point

Dr. Ravdel stopped making payments on the lease. That led Linc to file this lawsuit.

Linc has moved for summary judgment. In response, defendants raises three defenses:

that they were fraudulently induced to sign the lease; that Linc breached the lease by providing

defective equipment and failing to provide adequate maintenance; and that the lease was

modified to remove Dr. Ravdel as a party.

The breach of warranty defense fails. In the lease, Linc expressly and clearly disclaimed

22

all express and implied warranties; the terms of paragraph 4 of the lease made it clear that defendants would have no claim against Linc for anything having to do with the quality of the equipment. Defendants have not argued that this term is unenforceable. Though not cited by Linc, 810 ILCS 5/2A-214, which applies to leases, permits disclaimer of warranties so long as certain requirements are met, and they appear to have been met here.

With regard to defendants' "fraud in the inducement" defense, Dr. Ravdel testified that he was told by Linc representatives before he signed the lease that it been reviewed and approved by his attorney and that he relied on this representation in signing. *See* Ravdel Dep. at 14, 18, 21. Dr. Ravdel's attorney, R. Kenneth Keim, says in an affidavit that he had not seen the documents before Dr. Ravdel signed them. Linc has submitted no contrary evidence and has made no real effort to deal with defendants' arguments. The Court is not going to do Linc's work for it. Based on the materials submitted in opposition to summary judgment, we cannot say that the statement attributed by Linc's representatives was immaterial as a matter of law, and thus we cannot grant summary judgment in Linc's favor.

Defendants' final defense is that the agreement was modified to remove Dr. Ravdel as a party (this presumably is not a defense for Yale MRI, Inc.). Attorney Keim says that following extended discussions that he had with John Peternard, a representative of Linc, an agreement was reached "to restructure the documents to remove Dr. Ravdel individually. In return Yale Imaging gave [Peternard] a check for approximately $15,000 to bring current the past due payments." Keim Affid. ¶9. Keim seems to go on to say that revised documents were actually prepared and executed, *see id.* ¶10, but neither Keim nor Dr. Ravdel have produced any such documents.

Dr. Ravdel cannot defeat summary judgment based on a claim of a *written* modification (or "novation," as he calls it in his answer to the complaint). As Linc points out, the original document rule, sometimes called the "best evidence" rule, provides that the document is required in order to prove its contents unless the absence of the document is adequately explained, which Dr. Ravdel has not done. *See* Fed. R. Evid. 1002, 1004. So this defense does not preclude summary judgment; it remains to be seen whether Dr. Ravdel can establish its elements at trial.

Keim's affidavit equally supports a claim that the lease was *orally* modified. Paragraph 15 of the lease, however, provides that the lease may be modified only in writing. Dr. Ravdel made no effort to deal with this provision in his response to Linc's summary judgment motion. Linc did not do much better in its reply. Its primary response was to cry foul, arguing that it was sandbagged into believing that the defense was limited to one of written modification. We disagree. First, as we have noted, defendants' answer included an affirmative defense of "novation," without saying whether this was claimed to be oral or in writing; the defense as pled is broad enough to cover a claim of oral modification. Second, defendants' interrogatory answers, like Keim's affidavit, said that the lease was modified, and while suggesting that there was in fact a document executed the answers did not preclude a claim of oral modification. Finally, in his deposition Dr. Ravdel testified that Keim had told him that the lease had been modified, and that he *thought* he had signed something, but again this did not rule out the possibility of a claim of oral modification. *See* Ravdel Dep. at 27, 30. Linc evidently elected not to depose Keim. In short, this is not a case in which a defendant has, after it is too late for the plaintiff to do anything about it, tried to raise a brand new defense. *See, e.g., Bank Leumi Le-Israel, B.M. v. Lee,* 928 F.2d 232, 235 (7th Cir. 1991), cited by Linc in its reply.

That does not mean that Dr. Ravdel's oral modification defense has merit. Though Illinois law generally permits oral modification of a written contract, even where the contract by its terms precludes oral modification, *see, e.g., Tadros v. Kuzmak,* 277 Ill. App. 3d 301, 312, 660 N.E.2d 162, 170 (1995) (citing cases), a statute not cited by Linc, 810 ILCS 5/2A-208(2), modifies this rule with respect to leases. Section 2A-208(2) provides that a lease agreement that excludes modification except by a signed writing may not otherwise be modified, so long as the provision excluding modification was separately signed by the other party. In this case it was; paragraph 15 was initialed by Dr. Ravdel. Dr. Ravdel thus cannot maintain a defense of oral modification.

In conclusion, the Court denies plaintiff's motion for summary judgment but precludes the defenses of breach of warranty and oral modification. The case remains set for a status hearing on March 17, 2000 at 9:30 a.m. for the purpose of setting a trial date.

MATTHEW F. KENNELLY
United States District Judge

Date: March 13, 2000

4